IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JULIE BARDIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4128-CV-C-NKL |
| ) | |
| GARDNER DENVER, INC., ) | |
| ) | |
| Defendant. ) | |

ORDER

Plaintiff Julie Bardin ("Bardin") sued her former employer, Gardner Denver, Inc., ("Gardner") in Missouri state court on March 12, 2006. Citing diversity of citizenship, Gardner promptly removed the case to federal court, describing Bardin's Complaint as "consist[ing] of what appears to be one claim: a workers' compensation retaliatory discharge claim under Missouri law." Notice of Removal ¶ 2. Following nine months of contentious discovery disputes, and on the eve of her deadline to respond to Gardner's Motion for Summary Judgment, Bardin discovered that 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Pending before the Court is her motion to Remand [Doc. # 52]. For the reasons set forth below, the Motion is granted.

Section 1441, which governs the district courts' removal jursidiction, provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in

1

a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  One such exception expressly provided by Congress precludes removal jurisdiction in diversity cases where any of the defendants is a citizen of the state in which the case was originally brought.  *Id.* § 1441(b).  Other exceptions are expressly set out in 28 U.S.C. § 1445(a)-(d), and include actions "against a railroad or its receivers or trustees, arising under [45 U.S.C. 51-54, 55-60]," *see id.* § 1445(a); actions "arising under section 40302 of the Violence Against Women Act of 1994," *see id.* § 1445(d); and any action "arising under the workmen's compensation laws of such State," *see id.* § 1445(c). The Eighth Circuit has held that "a retaliatory discharge claim pursuant to Mo. Rev. Stat. § 287.780 'arises under' Missouri workers' compensation law" and is therefore unremovable under 28 U.S.C. § 1445(c).  *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998).

This doesn't end the Court's analysis, however.  Another section of the removal statutes provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The question before the Court, then, is whether Section 1445(c)'s bar against removing a case arising under state workers' compensation laws is jurisdictional,

requiring remand, or merely procedural and therefore waivable. The Eighth Circuit has not decided this precise question, though it has found other impediments to removal to be jurisdictional in nature. In *Hurt v. Dow Chemical Co.*, the Eighth Circuit reversed with instructions to remand to state court a case removed to federal court and tried to a verdict because one of the defendants was a citizen of the state in which the action was originally filed. 963 F.2d 1142, 1445-46 (8th Cir. 1992). During the appeal, the defendant argued that plaintiff had waived any defect by failing to raise an objection that removal violated 28 U.S.C. § 1441(b) within 30 days of the removal. Defendants also noted that the fact that one of the defendants was from the forum state would not have been a bar to original jurisdiction had the plaintiff originally filed her suit in federal court because the parties were still completely diverse. The Eighth Circuit rejected both arguments, holding that

> [t]he fact that Irene Hurt could have invoked the original jurisdiction of the federal court initially is irrelevant. She did not. The jurisdiction of the lower federal courts, both original and removal, is entirely a creature of statute. If one of the statutory requirements is not met, the district court has no jurisdiction.

*Hurt*, 963 F.2d at 1145. Leaving no doubt as to its conclusion that the forum defendant bar was jurisdictional rather than procedural, the Eighth Circuit distinguished *Nolan v. Prime Tanning, Inc.*, 871 F.2d 76, 78 (8th Cir. 1989), in which one of the defendants failed to join in the removal petition as is required by the rule of unanimity. *See Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 755 n.2 (8th Cir. 2001). The *Hurt* Court distinguished Nolan's failure to seek remand for lack of unanimity among defendants within 30 days from failure to seek remand because one of the defendants was

3

a citizen of the forum state. The lack of unanimity "defect was procedural" whereas forum citizenship of one of the defendants created "an absence of subject-matter jurisdiction. A jurisdictional defect, unlike a procedural defect, cannot be waived." *Hurt*, 963 F.2d at 1146 n.1.

In the instant case, Gardner argues that the defect at issue is procedural rather than jurisdictional because the case could have been brought in federal court originally since there is complete diversity. But as *Hurt* makes clear, whether the Court would have had original jurisdiction had the case been filed here first is irrelevant to whether there is removal jurisdiction. *Hurt*, 963 F.2d at 1145. Defendant also argues that other Circuits have concluded that Section 1445(c)'s bar against removing workers' compensation claims to be procedural rather than jurisdictional. For example, Gardner cites the following dicta from an unpublished Fourth Circuit opinion in which the plaintiff raised Section 1445(c) for the first time on appeal:

> Even if Wiley's retaliation claim did arise under North Carolina's workers' compensation laws, Wiley nevertheless waived his right to object to the removal. Under 28 U.S.C. § 1447(c) a 'motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.' Thus, § 1447(c) provides that a party who fails to note a non-jurisdictional objection within 30 days of the notice of removal waives the objection.

*Wiley v. UPS*, 11 Fed. Appx. 176, 178 (4th Cir. 2001). More pointedly, the Fifth Circuit has held that

> If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper

4

> removal within thirty days after the removal, or he waives his objection. Only in the case of a lack of subject matter jurisdiction--such as no diversity of citizenship, or the absence of a federal question if that were the sole ground for removal--may the plaintiff object to removal after the thirty-day limit. Any other objection is procedural and waived after thirty days.

*Williams v. AC Spark Plugs Div. of General Motors Corp.*, 985 F.2d 783, 787 (5th Cir. 1993). The reasoning of Williams, however, directly contradicts the Eighth Circuit's reasoning in *Hurt*. Indeed, the *Williams* court noted that its holding was at odds with *Hurt*. *See Williams*, 985 F.2d at 787 n.6.

The Eighth Circuit is aware that other Circuits have reached different conclusions as to which defects in removal are procedural and which are jurisdictional. In *Horton v. Conklin*, the Court of Appeals was asked to reconsider *Hurt*'s holding that the forum defendant bar was jurisdictional rather that merely procedural. 431 F.3d 602 (8th Cir. 2005). The Eighth Circuit noted that its sister circuits had reached different conclusions, citing in particular the Seventh Circuit's reasoning in *Hurley v. Motor Coach Indus.*, 222 F.3d 377, 379 (7th Cir. 2000) ("The overwhelming weight of authority . . . is on the 'nonjurisdictional' side of the debate."). *Horton*, 431 F.3d at 605. Rejecting the conclusion of the Seventh and other Circuit Courts of Appeals, the Eighth Circuit held, "We believe . . . that *Hurt* sets forth the better rule."

Although *Hurt* and *Horton* both address the forum defendant bar to removal rather than the workers' compensation bar, Gardner has offered no persuasive argument why the Eighth Circuit would treat 28 U.S.C. § 1445(c) any differently than 28 U.S.C. § 1441(b). Indeed the logic of *Hurt* and *Horton* is equally applicable to the present case: just because

Bardin could have filed her case in federal court originally does not mean that her failure to object to its removal within 30 days was a mere procedural error. The Eighth Circuit has held similar removal restrictions to be jurisdictional even though the majority of other courts have found them to be procedural. This Court is bound by the precedent of the Eight Circuit and therefore concludes that subject matter jurisdiction is lacking. Accordingly, it remands the case to the state court for further proceedings.

Finally, Bardin requests that the Court award her fees and costs incurred due to Defendant's improper removal of the case to federal court. Federal law provides that "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). Any extra costs incurred by the removal were undoubtedly exacerbated by Bardin's own delay in arguing 28 U.S.C. 1445(c), and are presumably equal to the extra expenses incurred by the defendant. Given the extreme delay in filing Bardin's Motion for Remand and the fact that she did so only after Gardner had filed its Motion for Summary Judgment, the Court declines to award her any fees.

Accordingly, it is

ORDERED that Plaintiff's Motion to Remand [Doc. # 52] is GRANTED. The above captioned case is REMANDED to the Circuit Court of Pettis County, Missouri.

s/ NANETTE K. LAUGHREY
                                                            NANETTE K. LAUGHREY
                                                            United States District Judge

Dated:  May 18, 2007
Jefferson City, Missouri